IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 3 2008

Clerk, U.S. District and
Bankruptcy Courts

JOHN K. LILLEY  
ANGELA C. LILLEY  
226 Rose Bud Lane,  
Fort Valley, VA 22652  

      Plaintiffs,  

v.  

U- HAUL INTERNATIONAL  
CORPORATION  
SUBSIDIARIES and AFFILIATES  
2721 N CENTRAL AVE  
PHOENIX, AZ 85004  

   Serve: CT CORPORATION SYSTEM  
          2394 E. CAMELBACK RD  
          PHOENIX, AZ 85016  

]  
]  
]  
]  
]  
] Case No.:_____  
]  
] Jury Trial Demanded  
]  

Case: 1:08-cv-01090  
Assigned To : Walton, Reggie B.  
Assign. Date : 6/23/2008  
Description: General Civil  

## COMPLAINT

For its complaint against U-Haul International Corporation ("Defendants" or "U-Haul"), Plaintiffs John and Angela Lilley ("Plaintiffs"), by and through their undersigned attorneys, alleges upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters the following:

### NATURE OF ACTION

1. This action is brought by Plaintiffs against U-Haul for its unauthorized use of Plaintiffs' service mark "LIL HAULER" on a plush toy trailer called "Lil' Hauler" in relation to their truck and trailer rental services.

2. Plaintiffs seek relief from Defendant's willful violation of Plaintiffs service mark. Defendant's use of the "Lil Hauler" service mark infringes on Plaintiffs' established

1

service mark rights in "LIL HAULER," dilutes the distinctiveness of that mark in the truck hauling, rental, delivery and related services industry, and constitutes trademark infringement, dilution and unfair competition under federal and common law.

## THE PARTIES

3. Plaintiffs are citizens of Virginia dba as "LIL HAULER." Plaintiffs are the registered owners of the service mark "LIL HAULER."

4. On information and belief, Defendant is an international corporation with a head office in Phoenix, Arizona and with subsidiaries and affiliates registered to do business under the laws of the District of Columbia and throughout the 50 states in the United States. On information and belief, U-Haul subsidiaries and affiliates maintain offices in the District of Columbia and conducts business in the District of Columbia.

## JURISDICTION AND VENUE

5. This action arises under the federal Trademark Act, 15 U.S.C. Section 1051, *et seq.*, and the common law of the District of Columbia. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1332, 1338(a) and (b). The Court has supplemental jurisdiction over Plaintiff's common law claim pursuant to 28 U.S.C. Section 1367 because Plaintiffs' claim is substantially related to Plaintiffs' federal Lanham Act claim.

6. This court has personal jurisdiction over Defendant, and venue is proper in this district pursuant to 28 USC Section1391 (b) and (c) in that events giving rise to this action occurred in part in this judicial district.

## BACKGROUND FACTS

7. On or about December 24, 1997, U-Haul filed an "Intent-to-Use" application for registration of the mark "L'il Hauler" with the United States Patent and Trademark Office ("USPTO").

8. On about March 15, 1999, Plaintiffs began using its "LIL HAULER" service mark for various types of truck hauling delivery and related services. Plaintiffs hauled, transported, delivered items ranging from debris, gravel and household items.

9. Plaintiffs provided hauling and delivery services and trailer and truck rental services to Virginia, Maryland, Washington D.C., and West Virginia for a variety of customers, both individuals and businesses. Plaintiffs also did business with customers in North Carolina, Florida and California.

10. Plaintiffs established the website "Lil Hauler.com" in support of its business on or about January 12, 2000. The website provides information regarding Plaintiffs' business and allows the public and potential customers to ask questions relating to truck hauling services. Plaintiffs provide responses to inquiries by email and telephone and accept reservations from customers.

11. On or about March 10, 2002, U-Haul abandoned its registration application for "L'il Hauler."

12. Plaintiffs filed an application with USPTO for registration of its service mark LIL HAULER" on July 3, 2002. Plaintiffs obtained registration of their mark on September 16, 2003. Said registration number is 2,764,254. A copy of said registration is attached to this complaint as Exhibit 1.

13. The registration listed above is valid and subsisting. It constitutes, in all instances, prima facie evidence of Plaintiffs' exclusive right to use this mark in connection with the services recited in the registration and related services.

14. In January 2007, Plaintiffs discovered that U-Haul was using their service mark on a plush U-Haul toy they called "Lil Hauler" which it sells directly to the public and which it uses in promotion and advertising on its trailer rental services.

15. Plaintiffs have a client base through its website in several states throughout the United States.

16. On July 26, 2007, attorneys for Plaintiffs sent a letter to U-Haul informing it of Plaintiffs' ownership of the service mark "LIL HAULER" in connection with truck hauling and related services and requested that U-Haul cease and desist from using the mark. To date U-Haul continues to use Plaintiffs mark on its plush toy in connection with its trailer rental services.

17. As a result of Plaintiffs' use, advertising and promotion of its "LIL HAULER" service mark, in interstate commerce, the mark has also become *exclusively* identified with Plaintiffs' service in the minds of the public and Plaintiffs have developed extensive and valuable equity and goodwill therein.

18. By virtue of the arbitrary nature and thus inherent strength of the "LIL HAULER" mark as applied to Plaintiff's services, the extensive use and promotion of the "LIL HAULER" mark in the truck hauling, rental and related services industry, the substantial sales of services under the mark, the federal registration for the "LIL HAULER" mark, the "LIL HAULER" mark is famous in the truck hauling and related services industry and became famous prior to Defendant complained of activities.

## DEFENDANT'S WRONGFUL ACTS

19. Upon information and belief, sometime after 2003, U-Haul began using Plaintiffs mark on a plush toy trailer and on the sides of rental trucks in connection with its truck rental services.

20. U-Haul's wrongful use of "LIL HAULER" in connection with its plush toy trailer to promote its trailer rental services is likely to lead to confusion, to cause mistake, and to deceive.

## INJURY TO PLAINTIFF

## FIRST CLAIM FOR RELIEF
### Trademark Infringement Under Section 32(1) of the Lanham Act, 15 USC Section 1114(1)

21. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 20 of the Complaint.

22. Without Plaintiff's consent, Defendant used and continues to use in commerce a reproduction, copy, and colorable imitation of Plaintiff's federally registered mark in connection with the sale, offering for sale, distribution, and advertising of goods and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 USC Section 1114(1).

23. The actions of U-Haul described above have at all times relevant to this action been willful and/or knowing.

24. As a direct and proximate result of the actions of U-Haul alleged above, Plaintiffs

5

have been damaged and will continue to be damaged.

## SECOND CLAIM FOR RELIEF

**Trademark infringement, False Designation of Origin,
Passing Off, and Unfair Competition Under Section 43(a) (1) (A) of the
Lanham Act, 15 USC Section 1125(a) (1) (A)**

25. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 24 of the Complaint.

26. Defendant's actions as described above are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's products, services, and commercial activities by or with Plaintiff, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)1(A) of the Lanham Act, 15 U.S.C Section 1125(a)(1)(A).

27. The actions of Defendant described above have at all times relevant to this action been willful, knowing, deliberate and intentional.

28. As a direct and proximate result of the actions of Defendant alleged above, Plaintiffs have been damaged and will continue to be damaged.

## THIRD CLAIM FOR RELIEF
**Unlawful Trade Practices, District of Columbia
Consumer Protection Procedures Act (D.C. Code
Section 28-3901 et seq.)**

29. Plaintiff repeat and reallege each and every allegation set forth in paragraphs 1 through 28 of the Complaint.

30. The District of Columbia Consumer Protection Procedures Act, D.C. Code

Section 28-3904, among other things, prohibits "any person to ... (s) pass off goods or services as those of another."

31. Through their foregoing wrongful acts, U Haul has violated the D.C. Consumer Protection statute.

32. As a result of the Defendant's wrongful conduct, Plaintiffs have been damaged and will continue to be damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### Common-Law Unfair Competition

33. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 32 of the Complaint.

34. Plaintiffs' mark is famous, as the term is used in 15 U.S.C. Section 1125(c), in the truck hauling services industry and was famous prior to U-Haul's first use of the mark based on, among other things, the inherent distinctiveness and federal registration of the mark and the extensive use, advertising, promotion and recognition of Plaintiffs' "Lil Hauler" mark.

35. Defendant's actions, as described above, are likely to dilute the distinctive quality of Plaintiffs' famous and well-known "Lil Hauler" mark in violation of Section 43 (c) of the Lanham Act, 15 U.S.C. Section 1125(c), as recently amended by the Trademark Dilution Revision Act of 2006.

### FIFTH CLAIM FOR RELIEF
### Common-Law Unfair Competition

36. Plaintiffs repeats and realleges each and every allegation set forth in paragraphs 1 through 35 of the Complaint.

37. U-Haul's actions as described above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of U-Haul with Plaintiffs, or as to the origin, sponsorship, or approval of U-Haul, its services and products, and its commercial activities by or with Plaintiffs such that U-Haul's acts constitute unfair competition under the common law of the District of Columbia.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand judgment against Defendant, U-Haul and respectfully requests that this Court enter:

A.   An Order declaring that U-Haul's use of the mark "L'il Hauler" infringes plaintiffs' mark, is likely to dilute Plaintiff's mark, and constitutes unfair competition under federal and/or common law, as detailed above;

B.   A preliminary and permanent injunction enjoining U-Haul and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

   (1)   From using the service mark and any variations of the mark and any other marks or names that are confusingly similar to Plaintiffs' mark or names that dilute the distinctiveness of said mark, including but not limited to use as or as part of a service mark, trade name or other mark, or identifier; and

   (2)   From representing by any means whatsoever, directly or indirectly, that U Haul, any products or services offered by U-Haul, or any activities undertaken by U-Haul, are associated or connected in any way with "LIL HAULER" or sponsored by or affiliated or connected with "LIL HAULER;"

8

C.  An Order directing U-Haul to destroy all signage, advertisements, promotional materials, stationary, forms and any other materials and things that contain or bear the "LIL HAULER" mark and on any other marks or names that contain the term "LIL HAULER or are confusingly similar to or that dilute the distinctiveness of Plaintiffs' "LIL HAULER" mark;

D.  An Order directing Defendant to file with this Court and serve on Plaintiffs' attorneys, thirty (30) days after the date of entry of any preliminary or permanent injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

E.  An Order requiring Defendant to account for and pay to Plaintiffs any and all profits arising from the foregoing unlawful acts and trebling such profits for payment to Plaintiffs in accordance with 15 U.S.C. Section 1117 and other applicable laws;

F.  An Order requiring Defendant to pay damages in an amount yet undetermined caused by the foregoing unlawful acts and trebling such damages in accordance with 15 U.S.C. 1117 and other applicable laws;

G.  An Order requiring Defendant to pay Plaintiffs punitive damages in an amount as yet undetermined caused by the foregoing unlawful acts of Defendant and pursuant to District of Columbia Code Section 28-3905(k)(1);

H.  An Order requiring Defendant to pay Plaintiffs costs and attorney's fees in this action pursuant to 15 U.S.C. Section 1117 and other applicable laws; and

I.  Other relief as the Court may deem appropriate.

Respectfully submitted,

PATRICK HENRY LLP

By: *[signature]*
Sharon Theodore-Lewis, Bar# 452497
Richard E. Patrick, Bar# 396571
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Ph. No.: 240-296-3488
Fax: 240-296-3487

## JURY DEMAND

PLAINTIFFS DEMAND A TRAIL BY JURY.

*[signature]*
Sharon Theodore-Lewis

10

## I (a) PLAINTIFFS
John and Angela Lilley

## DEFENDANTS
U-Haul International Corporation et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Shenandoah
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Maricopa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sharon Theodore-Lewis
Patrick Henry LLP
5900 Princess Garden Parkway Suite 640
Lanham, Maryland 20706

Case: 1:08-cv-01090
Assigned To : Walton, Reggie B.
Assign. Date : 6/23/2008
Description: General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other)**  OR  **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 USC §1051 et. seq. Defendant Infringed on plaintiff's Registered Trademark

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE 6/17/08   SIGNATURE OF ATTORNEY OF RECORD  Sharon Theodore-Lewis

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.