## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN K. LILLEY </br> ANGELA C. LILLEY </br> 226 Rose Bud Lane </br> Fort Valley, VA 22652 | ) </br> ) </br> ) </br> ) </br> ) | |
| Plaintiff, | ) </br> ) | Civil Action No. 1:08-CV-01090 |
| v. | ) </br> ) | JUDGE: Reggie B. Walton |
| U-HAUL INTERNATIONAL, INC. </br> 2721 N. Central Avenue </br> Phoenix, AZ 85004 | ) </br> ) </br> ) </br> ) | |
| Defendant. | ) </br> ) | |

## ANSWER

Pursuant to Fed. R. Civ. P. 12, Defendant U-Haul International, Inc. ("UHI" or "Defendant"),[1/] by and through its attorneys answers the Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs have brought this action in an improper and incorrect venue.

### THIRD DEFENSE

This court lacks personal jurisdiction over Defendant.

---

[1/] Plaintiffs have incorrectly named the Defendant as "U-Haul International Corporation Subsidiaries and Affiliates" in their Complaint. The Defendant's proper name, "U-Haul International, Inc.," is used in this Answer.

## **FOURTH DEFENSE**

Plaintiffs have failed to exhaust administrative remedies for their claims.

## **FIFTH DEFENSE**

1. Defendant denies the allegations contained in paragraph 1.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 and therefore denies the allegations.

4. Defendant admits that U-Haul International, Inc. is a foreign corporation with its principal place of business in Phoenix, Arizona.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 and therefore denies the allegations.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 and therefore denies the allegations.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies the allegations.

11. Defendant admits that it abandoned its registration application for "L'il Hauler" by June 15, 2002, and denies the other allegations contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 and therefore denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 and therefore denies the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 and therefore denies the allegations.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and therefore denies the allegations.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant repeats its responses to the allegations contained in paragraphs 1 through 20 of its Answer.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant repeats its responses to the allegations contained in paragraphs 1 through 24 of its Answer.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant repeats its responses to the allegations contained in paragraphs 1 through 28 of its Answer.

30. The allegations set forth in paragraph 30 state a legal conclusion and do not require a response. To the extent a response is required, Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant repeats its responses to the allegations contained in paragraphs 1 through 32of its Answer.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant repeats its responses to the allegations contained in paragraphs 1 through 35 of its Answer.

37. Defendant denies the allegations contained in paragraph 37.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

Plaintiffs have not alleged and cannot prove that they suffered any damages.

**NINTH DEFENSE**

If Plaintiffs have suffered any damages, those damages were not proximately caused by Defendant.

**TENTH DEFENSE**

If Plaintiffs were injured, they have failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**COUNTER CLAIM**

For its counterclaim, UHI (also, "Counterclaim Plaintiff") alleges as follows:

1. UHI is the owner of the famous U-HAUL® federally registered trademark. For more than 60 years, UHI through its subsidiary companies has been the leader in the do-it-yourself moving industry.

2. UHI owns scores of federal registrations for moving related services that incorporate the famous U-HAUL trademark, including Reg. Nos. 2,707,765; 3,032,236; 746,034; 795,733; 1,023,923; 1,094,740; and 1,861,196. Each registration give UHI the exclusive right to the use of the U-HAUL® mark.

3. These registrations cover, among other services, rental of trucks, trailers and storage space, and rental and/or sales of other moving related items such as moving boxes, pads, tow bars, hitches, dollies, carriers and hand trucks.

4. The U-HAUL® mark can only be used by or with the permission of UHI.

5. UHI denies that there is any confusion between its registered mark or the services it offers in connection therewith and the mark claimed by Plaintiffs (also "Counterclaim Defendants"), and the Complaint fails to indicate any evidence of such confusion. For that reason, and based on other valid defenses alleged herein, Plaintiffs' claim should be dismissed.

6. To the extent that confusion does exist, as alleged by Plaintiffs, that confusion is the sole result of actions and activities of Plaintiffs and has caused UHI to suffer damages.

7. By their use of the term "LIL HAULER" in connection with rental of truck hauling services, as alleged by Plaintiffs in the Complaint, Plaintiffs seek to confuse and mislead purchasers of such services into believing that they are provided by UHI or its subsidiary companies.

8. In the event of such confusion, Plaintiffs infringe upon the famous U-HAUL® mark and violate 11 U.S.C. §§ 1114(1) and 1125(a)(1)(A).

WHEREFORE, UHI demands judgment against Counterclaim Defendants, and respectfully requests that this Court enter:

A. An Order declaring that Counterclaim Defendants use of the mark "LIL HAULER" infringes UHI's mark, is likely to dilute UHI's mark, and constitutes unfair competition under federal law, as outlined above;

B. An Order cancelling Counterclaim Defendants' registration of the "LIL HAULER" mark;

C. A preliminary and permanent injunction enjoining Counterclaim Defendants and their companies, employees, agents, partners, subsidiaries, affiliates, distributors, dealers and all persons in active concert or participation with any of them:

      (1) From using the service mark and any variations of the mark and any other marks or names that are confusingly similar to UHI's mark or names that dilute the distinctiveness of said mark, including but not limited to use as or as part of a service mark, trade name or other mark, or identifier; and

      (2) From representing by any means whatsoever, directly or indirectly, that Counterclaim Defendants, any products or services offered by Counterclaim Defendants, or any activities undertaken by Counterclaim Defendants, are associated or connected in any way with UHI or sponsored by or affiliated with UHI;

    D.    An Order directing Counterclaim Defendants to destroy all signage, advertisements, promotional materials, stationary, forms and any other materials and things that contain or bear the "LIL HAULER" mark and on any other marks or names that contain the term "LIL HAULER" or are confusingly similar to or that dilute the distinctiveness of UHI's "L'il Hauler" mark;

    E.    An Order directing Counterclaim Defendants to file with this Court and serve on UHI's attorneys, thirty days after the date of entry of any preliminary or permanent injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

    F.    An Order requiring Counterclaim Defendants to account for and pay UHI any and all profits arising from the foregoing unlawful acts and trebling such profits for payment to UHI in accordance with 15 U.S.C. § 1117 and other applicable laws;

  G. An Order requiring Counterclaim Defendants to pay damages in an amount yet undetermined caused by the foregoing unlawful acts and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

  H. An Order requiring Counterclaim Defendants to pay UHI costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

  I. Other relief as this Court may deem appropriate.

August 25, 2008         Respectfully submitted,

               /s/
              Rodney F. Page (D.C. Bar No. 37994)
              Katherine J. Seikaly (D.C. Bar No. 498641)
              BRYAN CAVE LLP
              700 Thirteenth Street, N.W., Suite 700
              Washington, D.C. 20005
              Phone: (202) 508-6002
              Fax:  (202) 220-7302

*Counsel for Defendant U-Haul International Corporation*